El Pueblo de Puerto Rico, demandante y apelado, *v.* Daniel Montalvo, acusado y apelante.

Núm. 8461.—*Sometido:* Febrero 5, 1941.—*Resuelto:* Marzo 21, 1941.

*A. Reyes Delgado* y *P. Santos Borges,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

En noviembre veinte de 1937 el Fiscal del Distrito de Arecibo formuló acusación contra Daniel Montalvo imputándole una infracción al artículo tres en relación con el seis de la Ley núm. 14 de 1936, pág. 129, para reglamentar la venta de armas de fuego, ordenar la declaración de las mismas en cualquier forma que éstas fueren poseídas; prohibiendo la entrega de ellas a ciertas personas e imponiendo penas, y para otros fines, aprobada en la tercera legislatura extraordinaria de la décimotercera asamblea legislativa, el ocho de julio de·1936, cometida como sigue:

"El referido acusado, Daniel Montalvo, con anterioridad a la fecha de la presentación de esta acusación, o sea, allá por uno de los días del mes de agosto de 1937, y en Arecibo, P. R., que forma parte del distrito judicial del mismo nombre, ilegal, voluntaria, maliciosa y criminalmente, con intención criminal vendió a Pedro Camacho un arma de fuego que se describe de la manera siguiente: revólver sistema Smith, calibre 38, niquelado, con cachas negras de pasta y número 22782; sin ajustarse a las prescripciones de la antes referida ley, o sea, que entregó dicha arma vendida, sin haber transcurrido 48 horas desde el momento en que la solicitó el referido Pedro Camacho en compra; ni firmó ni escribió su dirección en dicha solicitud de compra ni en ninguna otra parte dentro de las seis horas siguientes al recibo de la misma, ni le envió una copia por correo certificado al Jefe de la Policía de Arecibo, P. R., que es el distrito donde reside el vendedor; ni envió el duplicado de dicha solicitud de compra al Hon. Procurador General de Puerto Rico dentro de los siete días de haberse hecho dicha solicitud; y entregó dicha arma al comprador sin éste haberle presentado una declaración jurada conteniendo su nombre completo, lugar de nacimiento, dirección, ocupación, color, estado y día y hora de la solicitud; más el calibre, la fabricación, el modelo y número de fábrica del arma que iba a venderse y una afirmación de no haber sido convicto nunca de delito grave."

El acusado excepcionó la acusación por insuficiente para imputarle infracción alguna de las secciones seis y tres de la Ley núm. 14 de 1936; por ambigua, ininteligible y dudosa,

y por duplicidad. Las excepciones fueron declaradas sin lugar por resolución de mayo 18, 1939.

Celebrado el juicio, se dictó sentencia en agosto cuatro, 1939, declarando al acusado culpable de infracción al artículo seis en relación con el tres de la Ley núm. 14 de 8 de julio de 1936 e imponiéndole seis meses de cárcel y el pago de las costas.

Apeló Montalvo. Señala cinco errores como cometidos por la corte sentenciadora al admitir en evidencia el revólver que presentara el fiscal, al intervenir en el contrainterrogatorio de la defensa y no permitir que mostrara un tercer revólver, al resolver que Pedro Camacho no era un cómplice, al desestimar la moción de *nonsuit* y al declarar culpable al acusado e imponerle seis meses de cárcel.

Al argumentarse el primer señalamiento se sostiene que la corte erró al admitir en evidencia el revólver que presentara el fiscal por no haberse demostrado que fuera el mismo que inscribió el acusado como suyo.

Hemos examinado la evidencia y a nuestro juicio demuestra la identidad. El arma fué admitida no sólo después de las declaraciones del policía Vicente de Jesús y del Jefe Antonio Monteserín y de la nueva declaración de éste con el libro registro de armas del distrito haciendo referencia especial al asiento que figura a su página 918 y que dice: "Certifico: que Daniel Montalvo, de color blanco, ocupación comerciante, cuya dirección es Avenida Obreros, ha presentado conforme a lo dispuesto en el artículo 7 de la Ley núm. 14, aprobada el 8 de julio de 1936, declaración sobre la siguiente arma de fuego en su poder: clase de arma— revólver calibre 38, modelo—Smith and Wetson, número de fábrica—2278-2 ó que tiene grabado, según declaración de dicha persona su nombre completo sobre la parte trasera del mismo—Salvador G. López de Azúa, Jefe de Distrito", si que después de la declaración de Pedro Camacho que la reconoció como la que le comprara al acusado.

El hecho de que en el registro se consignara que el revólver era modelo Smith and Wetson y uno de los testigos, el policía de Jesús, dijera que el ocupado a Camacho y presentado por el fiscal era "un revólver Smith" y el Jefe Monteserín también lo describiera como "sistema Smith" y luego agregara que el Smith and Wetson "es más patente" que el Smith, y la circunstancia de que el número de serie se anotara en el registro como "2278-2" y en la acusación y en el revólver presentado apareciera como "22782", esto es, sin el guión, no tienen importancia si se considera que la descripción del registro y el revólver coinciden en lo substancial y que el revólver fué reconocido por Camacho como el comprado al acusado y por el policía como el ocupado a Camacho. No hubo error.

■ Tampoco fué cometido el segundo de los errores señalados y, en todo caso, de haberse cometido, no sería perjudicial. Repreguntaba la defensa al testigo Monteserín y le presentó un revólver. El testigo contestó: "Aquí dice Smith and Wetson." Intervino el juez y dijo: "La corte va a eliminar eso ahora. Lo puede traer como testigo con ese otro revólver." El incidente se prolongó en esos mismos términos, tomando finalmente excepción el acusado.

Creemos en verdad que se estaba alterando el orden de la presentación de la evidencia, introduciéndose en las repreguntas elementos de prueba que no fueron objeto del interrogatorio directo y por lo tanto que se ajustó a derecho la regla de la corte, pero aunque no fuera así y decidiéramos que debió pemitirse la repregunta especialmente habiéndose avenido a ello el fiscal a los fines de no perder tiempo, siempre tendríamos que resolver que el error no sería perjudicial porque la corte repetidamente hizo énfasis en que la defensa podía mostrar luego el revólver que había traído al testigo y preguntarle en relación con el mismo y la defensa nada hizo.

■ Los errores tercero y cuarto pueden estudiarse conjuntamente. Se sostiene que Camacho, la persona que de-

claró que había comprado el revólver al acusado, es un cómplice y que su declaración no fué corroborada. Por ese motivo y por el de la falta de identificación del arma que ya resolvimos en contra del apelante, se pidió la absolución del acusado por medio de una moción de *nonsuit*.

Al desestimar la moción la corte se expresó, en parte como sigue:

"El único argumento que tiene importancia es si con la declaración del cómplice podría condenarse al acusado, pero la corte entiende que cuando se vende así un revólver y otro lo compra se cometen dos delitos: uno el venderlo y otro el comprarlo y que en la venta el testigo no puede ser cómplice del acusado."

El criterio de la corte sentenciadora es correcto. Se ajusta a los hechos y a la ley y está sostenido por la jurisprudencia. En el caso de *Forastieri* v. *Calzada, Alcaide,* 53 D.P.R. 251, esta Corte resolvió que: "Siendo el dar y el recibir un soborno ofensas separadas y distintas, el dador y el tomador del soborno no son cómplices entre sí bajo la regla que exige la corroboración de la declaración de un cómplice."

En el curso de la opinión se estudió la jurisprudencia sobre la materia y se terminó citando el caso de *State* v. *Durnam,* 73 Minn. 150, tal como constaba en 73 A.L.R. 392, a saber:

" 'De igual modo, en el caso de *State* v. *Durnam* (1898) 73 Minn. 150, 75 N. W. 1127, 11 Am. Crim. Rep. 179, que parece haber sido la fuente de donde se tomó el razonamiento utilizado en los casos más recientes de California, el tribunal dijo: "Cada una de las dos personas que toma parte en la transacción puede ser culpable de un delito, y sin embargo, si los dos delitos son separados y distintos, una persona no es cómplice de la otra. Supongamos, por ejemplo, que A solicita un soborno de B, y que B lo entrega. A es culpable del delito de solicitar el soborno y B del delito de darlo. Pero los dos delitos son enteramente distintos y ninguna de esas personas podría ser procesada como principal o cómplice del delito cometido por la otra. Tal caso no estaría cubierto por un estatuto que prohibe que se castigue a base del testimonio no corroborado de un

cómplice, aunque, desde luego, la delincuencia moral del uno, al ser llamado como testigo contra el otro, sería un hecho que milita contra su credibilidad, y a ser tomado en consideración por el jurado,'' a pesar de no existir definición estatutaria de un ''cómplice'' en aquel estado, según la había en los casos más recientes de California.' ''

Aunque se trata de delitos distintos, consideramos el razonamiento aplicable a éste para sostener que el comprador y el vendedor no conspiran para realizar la infracción como dice el apelante si que. perpetran dos infracciones distintas perseguibles y penables separadamente y por tanto que no son cómplices.

Además pudo prescindirse de resolver la cuestión de si Camacho era o no cómplice, porque aunque lo fuera, su declaración quedó corroborada.

. Los errores no fueron cometidos, sin que tampoco se cometiera el quinto y último por el que se impugna la totalidad de la sentencia.

De lo que llevamos expuesto se desprende que la evidencia fué suficiente para sostener la declaración de culpabilidad y en cuanto a la interpretación de la ley aplicada a los hechos del caso, a los efectos de la imposición de la pena, parece suficiente que transcribamos lo dicho por el propio juez de distrito en su sentencia.  Es así:

''Con respecto a la pena que debemos imponer al acusado, la ley, teniendo en cuenta la forma como está redactada la acusación, ofrece cierta ambigüedad.

''El artículo 6 dispone que el comprador o vendedor de un arma de fuego en violación de la ley, será castigado con pena mínima de dos años de cárcel y máxima de seis; pero a renglón seguido dice que las infracciones a los preceptos de carácter reglamentario *contenidos en los artículos precedentes,* serán castigados según se dispone en el artículo diez.  Este último artículo señala una pena de seis meses mínima y máxima de dos años, y sólo excepciona la compraventa de armas de contrabando.

''La acusación imputa al acusado infracción del artículo tres en relación con el seis; y tanto el art. 3 como el texto de la acusación se refieren a requisitos reglamentarios que el acusado tenía que cumplir

para vender el arma de fuego. Si el artículo seis dice al final que las infracciones a los preceptos reglamentarios, *contenidos en los artículos precedentes,* (incluyendo el número tres), se castigarán con pena de seis meses a dos años, nos parece que la intención del legislador fué castigar con pena mínima de dos años cuando la venta de armas sea de contrabando, y no una simple venta en que por descuido se deja de notificar a la policía del traspaso, como se desprende de este caso. Esa conclusión se hace más fuerte, cuando se considera que el castigo de dos o seis años, por falta de notificación, implica una pena muy dura.''

*Debe declararse el recurso sin lugar y confirmarse en todas sus partes la sentencia apelada.*

El Juez Asociado Sr. Todd, Jr., no intervino.